IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID P. MADDEN,                    )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )   Case No. CIV-13-393-HE
                                    )
REGIONAL UNIVERSITY SYSTEM          )
OF OKLAHOMA, a State of Oklahoma    )
constitutionally    created    governing  )
board; NORTHEASTERN    STATE        )
UNIVERSITY, a public university;    )
CARI KELLER, an individual (in her  )
individual   and   official   capacity);   )
PHILLIP BRIDGMON, an individual     )
(in his individual and official capacity),  )
                                    )
                    Defendants.     )

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

THE LAW OFFICE OF MCLAINE DEWITT
HERNDON, P.L.L.C.


McLaine DeWitt Herndon, OBA No. 20674
320 South Boston Avenue, Suite 1026
Tulsa, OK  74103
(918) 585-3337 – *Telephone*
(918) 289-2612– *Facsimile*
mclaine@mdhok.com
www.mdhok.com
*Attorney for Plaintiff*

December 15, 2014

**INSTRUCTION NO. _____**

## **THE PARTIES**

The Parties to this action are as follows: The Plaintiff is David Madden who was an employee of Northeastern State University ("NSU"). The Defendants are Phillip Bridgmon and Cari Keller who were supervisors of Plaintiff when he was employed by Northeastern State University. Plaintiff claims that Defendants retaliated against him in violation of the First Amendment to the United States Constitution when they terminated his teaching contract for the 2013 – 2014 academic year after Defendant Keller had already recommended that his 2013 – 2014 contract be renewed.  Plaintiff contends that he was terminated because he spoke about possible violations of the university's anti-nepotism policy and about the 2012 presidential election.

Defendants deny their actions were a violation of Plaintiff's First Amendment rights.

GIVEN: _____
MODIFIED: _____
REJECTED: _____

_____
UNITED STATES DISTRICT JUDGE

1

**INSTRUCTION NO. _____**

<u>**CONTENTIONS OF THE PARTIES**</u>

The recitation by the Court of the contention of the parties is given to you simply to define the issues to be tried and you are told that the same do not constitute proof of any fact or issue in this case.

Plaintiff, David Madden, was a tenure track, assistant professor at Northeastern State University in Tahlequah, Oklahoma. Plaintiff was in that position from the 2008-2009 academic year until the 2012-2013 academic year.  Plaintiff was terminated on February 27, 2013 and continued to teach at NSU until May 2013.  Plaintiff asserts that the reason that his contract was not renewed was because he had spoken out about the hiring of Defendant Bridgmon's wife and because of a heated discussion about the 2012 presidential election with his colleagues.  Plaintiff's claim is that he was fired in violation of his First Amendment right to exercise his right to free speech at a public university. Plaintiff asserts that Defendants' reasons for his termination are pretext and that the real motivation for his termination was his exercise of his right to free speech under the First Amendment.

Defendants are Cari Keller, the then Chair of the Criminal Justice and Legal Studies Department at NSU and Phillip Bridgmon, the Dean of the College of Liberal Arts.  On February 27, 2013, Plaintiff was notified that his contract to teach would not be renewed for the 2013-2014 academic year. Defendants deny that Plaintiff was not renewed for the reasons he alleges and assert that Plaintiff was not renewed because of

concerns over his collegiality and his scholarship.

The foregoing recitation by the Court of the contentions of the parties is given to you simply to define the issues to be tried and you are told that the same do not constitute proof of any fact or issue in this case.

GIVEN:       _____
MODIFIED:    _____
REJECTED:    _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>OPENING</u>**

Ladies and gentlemen of the jury, you have heard the evidence and will hear the final arguments presented for the Plaintiff and for the Defendants.  I will now instruct you on the law you will apply in this case.

You, as jurors in this case, are the sole judges of the facts. You must decide the true facts from the evidence you have heard. In considering the evidence in this case, you will use the Court's instructions and your own sound judgment. You are to determine the facts in this case, and you must then apply the law contained in these instructions to those facts to decide whether the Defendants are liable.

First, I will instruct you on some general rules for your consideration of the evidence in this case. Then, I will instruct you on the law regarding the particular claim which the Plaintiff has alleged against the Defendants.

GIVEN:          _____
MODIFIED:     _____
REJECTED:     _____

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>DUTY TO DELIBERATE</u>**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.


GIVEN:        _____
MODIFIED:     _____
REJECTED:     _____


_____
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. _____

## <u>EVIDENCE</u>

The evidence in the case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or stipulated.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In considering the evidence and in determining the issues in this case, you should bring to your aid the knowledge which you possess in common with the generality of mankind concerning the matters disclosed by the evidence.

Statements and arguments of counsel are not evidence in the case. When the attorneys for all parties stipulate or agree as to the existence of a fact, the jury must accept the stipulations as evidence and regard that fact as conclusively proved.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the

wording of it, or speculate as to what the witness would have said if permitted to answer

any question.

GIVEN:      _____
MODIFIED:  _____
REJECTED:  _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with the proper burden of proof as to all the evidence in the case, both direct and circumstantial.

The law does not require a party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require a party to present as exhibits, all papers and things mentioned during this trial.

GIVEN: _____
MODIFIED: _____
REJECTED: _____

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility or believability of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the Plaintiff or the Defendants; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

GIVEN:       _____
MODIFIED:  _____
REJECTED:  _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>IMPEACHMENT</u>**

You are instructed that a witness may be discredited or impeached by contradictory evidence, or by evidence that at other times the witness has made statements that are inconsistent with the witness' present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think it deserves.

If any witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars, and you may reject all of the testimony of that witness, or give it only such credibility as you may think that it deserves.

GIVEN:          _____
MODIFIED:    _____
REJECTED:    _____

_____
UNITED STATES DISTRICT JUDGE

10

**INSTRUCTION NO. _____**

**<u>BURDEN OF PROOF</u>**

The burden is on the Plaintiff in a civil action such as this, to prove every essential element of his claim.  Additionally, there are times when Defendant(s) may have to assert proof of his or her defense by a "preponderance of the evidence."  This means when a party has the burden of proof by a preponderance of the evidence on any claim or affirmative defense, you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of the Plaintiff's claim, then you must find against the Plaintiff and in favor of the Defendants, jointly or individually.

In certain instructions, I may refer to a question on which the Plaintiff has the burden of proof and some where the Defendants, jointly or individually, may have the burden of proof. The same standard of "preponderance of the evidence" applies to both parties.

GIVEN:           _____
MODIFIED:        _____
REJECTED:        _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**"IF YOU FIND" OR "IF YOU DECIDE"**

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "If you find", or "If you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

GIVEN:     _____
MODIFIED:     _____
REJECTED:     _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>NO SPECULATION</u>**

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

GIVEN:       _____
MODIFIED:   _____
REJECTED:   _____

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**INSTRUCTION AS TO CIVIL RIGHTS CLAIMS**

This lawsuit has been brought under 42 United States Code, Section 1983 for the

redress of the Plaintiff's civil rights.  Plaintiff claims Defendants, jointly or individually,

unlawfully recommended that his employment contract not be renewed in violation of the

First Amendment to the United States Constitution.  I will instruct you as to the

applicable law relating to the Plaintiff's Section 1983 claims.

GIVEN: _____
MODIFIED: _____
REJECTED: _____

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**CONSTITUTIONAL RIGHTS PROTECTED BY 42 U.S.C.A. § 1983**

The Federal Civil Rights Act under which Plaintiff brings this suit was enacted by Congress to enforce the United States Constitution.

The federal civil rights statute under which the Plaintiff sues provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. Section 1983 states in part that:

"Every person who, under color of state law, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and federal law, shall be liable to the party injured for damages."

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

Section 1983 itself does not establish or create any federally protected right. It allows the Plaintiff to enforce rights guaranteed to him by the federal Constitution.

To prevail on his § 1983 claim against each particular Defendant, jointly or individually, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

16

1.      The Defendants, jointly or individually, acted under color of law; and

2.      The act or acts of the Defendants, jointly or individually, deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions. I have already determined that the Defendants were acting under the color of law.

Therefore, you need not concern yourself with the first element.

GIVEN:           _____
MODIFIED:        _____
REJECTED:        _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>FREE SPEECH RETALIATION</u>**

As previously explained, the Plaintiff, has the burden to prove that the acts of the Defendants, jointly or individually, deprived the Plaintiff of particular rights under the United States Constitution. In this case, the Plaintiff alleges the Defendants, jointly or individually, deprived him of his rights under the First Amendment to the Constitution when his contract was not renewed because he had spoken out about the hiring of Defendant Bridgmon's wife and because of a heated discussion about the 2012 presidential election with his colleagues.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove Defendants, jointly or individually, deprived the Plaintiff of this First Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  the Plaintiff spoke as a citizen and not as part of his official duties;

2.  the speech was on a matter of public concern;

3.  the Defendants, jointly or individually, took an adverse employment action against the Plaintiff; and

4.  the Plaintiff's speech was a substantial or motivating factor for the adverse employment action.

I instruct you that the Plaintiff spoke as a citizen and not as part of his official duties and, therefore, the first element requires no proof.

I instruct you that the Plaintiff's speech was on a matter of public concern, and,

therefore, the second element requires no proof.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

A substantial or motivating factor is a significant factor.

GIVEN:     _____
MODIFIED:    _____
REJECTED:    _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**RETALIATION IN VIOLATION OF THE FIRST AMENDMENT FINDINGS**

In order to succeed on the claim of retaliation in violation of the First Amendment, Plaintiff must show that Defendants, jointly or individually, took an adverse action against him for engaging in speech that is a matter of public importance. I have determined that:

1.    Plaintiff's speech was not part of his official duties;

2.    Plaintiff's speech was a matter of public concern; and

3.    Defendants, jointly or individually, took an adverse action against the Plaintiff by not renewing his employment contract.

Therefore, you need not concern yourself with the first three elements. It is the fourth element which you must determine, namely, whether Plaintiff's speech was a substantial or motivating factor for the adverse employment action of Defendants, jointly or individually.

Source: *Rohrbough v. Univ. of Colorado Hosp. Auth.*, 596 F.3d 741 (10th Cir. Colo.).

GIVEN:          _____
MODIFIED:     _____
REJECTED:     _____

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>MOTIVATING FACTOR</u>**

The evidence may show that Plaintiff was discharged for more than one reason.

Although Plaintiff need not prove that his reporting of wrongful governmental activities

was the only reason that his employment contract was not renewed, Plaintiff must prove

that his speech was a motivating factor in the decision of Defendant(s) to recommend

non-renewal.

GIVEN:         _____
MODIFIED:   _____
REJECTED:   _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>BURDEN SHIFT TO DEFENDANTS</u>**

If you find for the Plaintiff in the first four elements, the burden shifts to the Defendants to prove by a preponderance of the evidence that Defendants would have recommended non-renewal even if Plaintiff had not discussed the hiring of Shannon Bridgmon and everything else remained the same. You must determine whether Defendants have proved by a preponderance of the evidence that they would have recommended non-renewal even if Plaintiff had not discussed the hiring of Shannon Bridgmon and everything else remained the same. If Defendants would have taken the same action regardless of Plaintiff's speech, then you must find for the Defendants.  If you find that the Defendants would not have taken the same action regardless of Plaintiff's speech, then you must find for the Plaintiff.

GIVEN:     _____
MODIFIED:  _____
REJECTED:  _____

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**BURDEN SHIFT TO DEFENDANTS**

If you find for the Plaintiff in the first four elements, the burden shifts to the

Defendants to prove by a preponderance of the evidence that Defendants would have

recommended non-renewal even if Plaintiff had not discussed the 2012 presidential

election and everything else remained the same. You must determine whether Defendants

have proved by a preponderance of the evidence that they would have recommended non-

renewal even if Plaintiff had not discussed the 2012 presidential election and everything

else remained the same. If Defendants would have taken the same action regardless of

Plaintiff's speech, then you must find for the Defendants.  If you find that the Defendants

would not have taken the same action regardless of Plaintiff's speech, then you must find

for the Plaintiff.


GIVEN:          _____
MODIFIED:    _____
REJECTED:    _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>DAMAGES</u>**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the Plaintiff on the Plaintiff's First Amendment claim, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendants.

You should consider the following:

A.      The loss of benefits in the future that Plaintiff would be reasonably likely to suffer as a direct result of the non-renewal.

B.      Actual expenses and damages incurred by Plaintiff as a result of his termination.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

GIVEN:          _____
MODIFIED:     _____
REJECTED:     _____


_____
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. _____

## <u>NOMINAL DAMAGES</u>

The law which applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages need not exceed one dollar.


GIVEN: _____
MODIFIED: _____
REJECTED: _____


_____
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. _____

## <u>PUNITIVE DAMAGES</u>

If you find for the plaintiff, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a Plaintiff.  The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that either Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff.

Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if either Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law.

An act or omission is oppressive if either Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting

the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of either Defendant's conduct.

GIVEN: _____
MODIFIED: _____
REJECTED: _____

_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>CLOSING</u>**

I have made certain rulings in the conduct of the trial, and particularly with reference to the admission of evidence. In so doing, I have neither expressed nor intimated in any way the weight or credit to be given any evidence or testimony admitted during the trial, nor indicated in any way the conclusions to be reached by you.

In this Court it is entirely proper for the judge, if he so desires, to comment on the evidence and express an opinion on it to the jury. I am not going to do that in this case. I feel that this jury is fully capable of deciding the true facts in this case and applying to those true facts these applicable rules of law. If there is anything that I have said or done that might seem to indicate to you how I would decide this case, I instruct you to disregard it and use your own judgment in arriving at your verdict.

You are the judges of the facts, the weight of the evidence, and the credibility of each witness. In determining such weight or credit, you may consider: The interest, if any, which a witness may have in the result of the trial; the relationship of the witness to the parties; the bias or prejudice if any has been apparent; the candor, fairness, intelligence and demeanor of the witness; the ability of the witness to remember and relate past occurrences; the witness's means of observation, and the witness's opportunity of knowing the matter about which testimony has been given. From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will

reach your conclusions.  You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious and faithful manner under your oaths and render your verdict as the evidence warrants when measured by these instructions. These instructions contain all the law, whether statutory or otherwise, which may be applied by you in this case and the rules by which you should weight the evidence and determine the facts in issue. You must consider the instructions as a whole, and not a part, to the exclusion of the rest. You will not use any method of chance in arriving at the answers to interrogatories submitted to you but base them on the judgment of each juror concurring in each answer.

After you have retired to deliberate, select one of your number as foreperson and enter upon your deliberations. If you need to contact the Court for any purpose, it is requested that you do so by a written message signed by the foreperson and transmitted to the Court through the bailiff.

GIVEN: _____
MODIFIED: _____
REJECTED: _____


_____
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. _____**

**<u>VERDICT FORM</u>**

We, the Jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find

the issues in favor of Plaintiff, David Madden.

_____          _____
Foreperson

_____          _____


_____          _____


_____          _____


_____          _____


GIVEN:          _____
MODIFIED:       _____
REJECTED:       _____


_____
UNITED STATES DISTRICT JUDGE

30

**INSTRUCTION NO. _____**

**GENERAL VERDICT FORM**

**Plaintiff's Claim against Defendants**

**Note**: *Complete the following paragraph by writing in the name required by your verdict*.

On the First Amendment retaliation claim of Plaintiff, we find in favor of:

_____ [Plaintiff or Defendant(s)].

**Note**: *Answer the next question only if the above finding is in favor of Plaintiff. If the above finding is in favor of Defendants, have your foreperson sign and date this form because you have completed your deliberations on this claim.*

_____   We find Plaintiff's lost benefits to be:

$_____

[state the amount or, if none, write the word "none"].

_____   We find Plaintiff's actual or compensatory damages to be:

$_____

[state the amount or, if none, write the word "none"].


_____

Foreperson

Dated: _____

**AUTHORITY**: *Model Jury Instructions (Civil) Eighth Circuit § 5.05 (1998).*


GIVEN:        _____
MODIFIED:   _____
REJECTED:   _____


_____

UNITED STATES DISTRICT JUDGE

31

**INSTRUCTION NO. _____**

**<u>Plaintiff's Claim for Punitive Damages against Defendants</u>**

**Note**: *Complete the following paragraph by writing in the name required by your verdict*.

On the claim that Defendant(s) acted intentionally, recklessly or maliciously, we find in

favor of: _____ [Plaintiff or Defendant(s)].

**Note**: *Answer the next question only if the above finding is in favor of Plaintiff. If the above finding is in favor of Defendants, have your foreperson sign and date this form because you have completed your deliberations on this claim*.

_____ We find Plaintiff's punitive damages to be:

$_____
[state the amount or, if none, write the word "none"].


_____
Foreperson

Dated: _____


GIVEN:            _____
MODIFIED:      _____
REJECTED:      _____


_____
UNITED STATES DISTRICT JUDGE

32

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of December, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

M. Daniel Weitman, OBA #17412
Wilson D. McGarry, OBA #31146
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 N.E. 21st Street
Oklahoma City, OK  73105
Dan.Weitman@oag.ok.gov
wilson.mcgarry@oag.ok.gov

s/ McLaine DeWitt Herndon

33